UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

CASE NO. 3:25-cr-253-MMH-PDB
18 U.S.C. §§ 1344 and 2
18 U.S.C. § 514(a)(2)

v.

KEITH ALAN GEBERT

## INDICTMENT

The Grand Jury charges:

### COUNTS ONE - THREE
(Aiding and Abetting Bank Fraud)

#### A. Introduction

At all times relevant to this Indictment:

1. VyStar Credit Union was a financial institution doing business in the Middle District of Florida, and elsewhere, and its accounts were insured by the National Credit Union Administration.

#### B. Scheme and Artifice

2. Beginning on an unknown date, but not later than in or about January 2022, and continuing through in or about February 2022, in the Middle District of Florida, and elsewhere, the defendant,

KEITH ALAN GEBERT,

knowingly, willfully, and with intent to defraud, did devise and intend to devise and participate in, a scheme and artifice, to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises.

### C. Manner and Means

3. The manner and means by which the defendant sought to accomplish the scheme to defraud included, among others, the following:

    a. It was part of the scheme and artifice that the defendant would and did obtain a false or fictitious instrument and document appearing to be a financial instrument issued under the authority of the United States, that is, a fraudulent United States Savings Bond, Series EE, V2810018EE.

    b. It was further a part of the scheme and artifice that the defendant would and did obtain a false or fictitious instrument and document appearing to be a financial instrument issued under the authority of the United States, that is, a fraudulent United States Savings Bond, Series EE, V3019444EE

    c. It was further a part of the scheme and artifice that on or about January 3, 2022, the defendant went to a VyStar Credit Union branch located in Duval County, Florida.

    d. It was further a part of the scheme and artifice that on or about January 3, 2022, the defendant deposited into his existing checking account a false or fictitious instrument and document appearing to be a financial instrument issued under the authority of the United States, that is, a fraudulent United States Savings Bond, Series EE, V2810018EE.

e. It was further a part of the scheme and artifice that on or about January 3, 2022, the defendant deposited into his existing checking account a false or fictitious instrument and document appearing to be a financial instrument issued under the authority of the United States, that is, a fraudulent United States Savings Bond, Series EE, V3019444EE.

### D. Execution of the Scheme

4. On or about the dates set forth below, in the Middle District of Florida, and elsewhere, the defendant,

KEITH ALAN GEBERT,

knowingly and intentionally executed and attempted to execute and aided and abetted in the execution and attempted execution of the aforesaid scheme and artifice, by causing the fraudulent transactions described below:

| COUNT | DATE | FINANCIAL INSTITUTION | TRANSACTIONS |
|---|---|---|---|
| ONE | January 3, 2022 | VyStar Credit Union | $10,000 cash withdrawal |
| TWO | January 3, 2022 | VyStar Credit Union | $9,500 Official Check withdrawal |
| THREE | January 7, 2022 | VyStar Credit Union | $500 ATM withdrawal |

In violation of 18 U.S.C. §§ 1344 and 2.

3

## COUNT FOUR
### (Fictitious Government Obligation)

On or about January 3, 2022, in the Middle District of Florida,

KEITH ALAN GEBERT,

the defendant herein, with the intent to defraud, passed, uttered, presented, offered, brokered, within the United States, a false and fictitious instrument, document, and other item appearing, representing, purporting, and contriving through scheme and artifice, to be an actual security and other financial instrument issued under the authority of the United States, a foreign government, a State and other political subdivision of the United States and an organization, to-wit: a United States Savings Bond Series EE V2810018EE, that was presented to VyStar Credit Union.

In violation of 18 U.S.C. § 514(a)(2).

## COUNT FIVE
### (Fictitious Government Obligation)

On or about January 3, 2022, in the Middle District of Florida,

KEITH ALAN GEBERT,

the defendant herein, with the intent to defraud, passed, uttered, presented, offered, brokered, within the United States, a false and fictitious instrument, document, and other item appearing, representing, purporting, and contriving through scheme and artifice, to be an actual security and other financial instrument issued under the authority of the United States, a foreign government, a State and other political subdivision of the United States and an organization, to-wit: a United States Savings Bond Series EE V3019444EE, that was presented to VyStar Credit Union.

In violation of 18 U.S.C. § 514(a)(2).

## FORFEITURE

1. The allegations contained in Counts One through Five are incorporated by reference for the purpose of alleging forfeiture pursuant to 18 U.S.C. §§ 492 and 982(a)(2)(A), and 28 U.S.C. § 2461(c).

2. Upon conviction of a violation of 18 U.S.C. § 1344, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(2)(A), any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such violation.

3. Upon conviction of a violation of 18 U.S.C. § 514, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 492 and 28 U.S.C. § 2461(c):

    a. Any counterfeits of any coins or obligations or other securities of the United States or of any foreign government, or any articles, devices, and other things made, possessed, or used in such violation; and

    b. Any material or apparatus used or intended to be used, in the making of such counterfeits, articles, devices or things.

4. The property to be forfeited includes, but is not limited to, the following: an order of forfeiture for at least $20,000, which represents the proceeds the defendant obtained as a result of the bank fraud scheme charged in Counts One through Three.

5. If any of the property described above, as a result of any act or omission of the defendants:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property under the provisions of 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1) and 28 U.S.C. § 2461(c).

A TRUE BILL,

_____
Foreperson

GREGORY W. KEHOE
United States Attorney

By: _____
Kevin C. Frein
Assistant United States Attorney

By: _____
Michael Coolican
Assistant United States Attorney
Deputy Chief, Jacksonville Division

FORM OBD-34
12/8/25 Revised

No.

# UNITED STATES DISTRICT COURT
## Middle District of Florida
### Jacksonville Division

THE UNITED STATES OF AMERICA

vs.

KEITH ALAN GEBERT

## INDICTMENT

Violations: Ct 1-3: 18 U.S.C. §§ 1344 and 2
Ct 4-5: 18 U.S.C. § 514(a)(2)

A true bill,

███████████████████
Foreperson

Filed in open court this 11th day

of December, 2025.

_____
Clerk

Bail $_____

GPO 863 525